**CLD-010**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3306
_____

ASSEM A. ABULKHAIR,
Appellant

v.

NED M. ROSENBERG

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-11-cv-03372)
District Judge:  Honorable Jose L. Linares

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 14, 2011

Before:  RENDELL, HARDIMAN AND ROTH, Circuit Judges

(Opinion filed:  January 10, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Assem Abulkhair, who proceeds pro se and in forma pauperis, appeals from an

order of the District Court that dismissed his civil complaint pursuant to 28 U.S.C.

§ 1915(e)(2).  We will affirm.

As we write primarily for the parties, we will not recite the facts of the case, which were aptly summarized by the District Court in its opinion below. See Abulkhair v. Rosenberg, No. 11-3372, 2011 U.S. Dist. LEXIS 86683, at *1–2 (D.N.J. Aug. 5, 2011). To the extent that Abulkhair attempted to sue a state-court judge for money damages for acts the judge performed in his judicial capacity, we agree with the District Court that the suit is barred by the doctrine of absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam) ("[G]enerally, a judge is immune from a suit for money damages."). Abulkhair's "allegations of bad faith [and] malice" cannot overcome this immunity. Id. at 11. Nor is there any indication that Judge Rosenberg exposed himself to suit by acting "in the complete absence of all jurisdiction." Id. at 12 (citing Stump v. Sparkman, 435 U.S. 349, 356 (1978)); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).

Abulkhair also requested injunctive relief; specifically, he asked the District Court to:

> Issue a permanent injunction prohibiting the Defendant Ned M. Rosenberg, or anyone acting in concert with him, from engaging in any actions, intended for the same purpose, or likely to cause a deprivation of constitutional rights or prejudicial to any litigants, and compel Judge Rosenberg to disclose his disqualification information to all of the parties appearing before him prior to any hearing or trial, and to disqualify or recuse himself from all of Abulkhair's actions before him.

Compl. 17. Although we have observed that "absolute judicial immunity extends only to claims for damages," Larsen v. Senate of the Commonwealth, 152 F.3d 240, 249 (3d Cir. 1998), amendments to 42 U.S.C. § 1983 have statutorily restricted "action[s] brought

2

against a judicial officer for an act or omission taken in such officer's judicial capacity," preventing injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (codified as amended at 42 U.S.C. § 1983 (1996)); see also Azubuko v. Royal, 443 F.3d 302, 303–04 (3d Cir. 2006) (per curiam).[1] Therefore, "[b]ecause [Abulkhair] has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought . . . does not address the actions of Judge [Rosenberg] other than in his judicial capacity, his claim for injunctive relief is barred" by this statutory judicial immunity. Azubuko, 443 F.3d at 304.

For the foregoing reasons, we will summarily affirm the judgment of the District Court. Murray v. Bledsoe, No. 10-4397, 650 F.3d 246, 2011 U.S. App. LEXIS 11702, at *3 (3d Cir. June 10, 2011); see also Third Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] The cases Abulkhair cites in his summary-action response predate this 1996 amendment; contrary to his assertions, § 1983 now *does* create exceptions for judges.

3